IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM RAY CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-769-MHT |
| | ) | |
| SOUTHERN HEALTH PARTNERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

William Ray Campbell, an indigent inmate, initiated this 42 U.S.C. § 1983 civil rights action on September 20, 2016.  In the instant complaint, Campbell challenges conditions at the Covington County Jail.  Doc. 1 at 2–3.

The order of procedure entered on September 21, 2016 instructed Campbell to inform the court immediately of any new address.  Doc. 4 at 5, ¶7(h)  ("If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendants of his new address.").  The docket reflects that Campbell received a copy of this order.  However, the postal service returned as undeliverable an order entered on June 5, 2018 in a separate case that Campbell filed with this court, *Campbell v. Meeks, et al.*, Civil Action No. 2:18-CV-432-MHT-SRW, because Campbell no longer resided at the last address he provided to the court.

Based on the foregoing, the court entered an order requiring Campbell to inform the court of his current address on or before June 25, 2018.  Doc. 43.  The order noted "this case cannot properly proceed … if [the plaintiff's] whereabouts remain unknown … [and

directed the plaintiff to] show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 43.  Finally, the court "specifically cautioned [Campbell] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed."  Doc. 43.  As of the present date, Campbell has failed to provide the court with his current address pursuant to the orders entered in this case.  Under these circumstances, dismissal of this case is warranted.

In accordance with Eleventh Circuit law, the court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, the court finds that dismissal of this case is the proper course of action. Campbell is indigent, and the imposition of monetary or other punitive sanctions against him would be ineffectual.  Moreover, Campbell has failed to comply with the orders entered by this court regarding provision of a current address.  It likewise appears that Campbell is simply no longer interested in the prosecution of this case, and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, as previously stated, this case cannot properly proceed when Campbell's whereabouts are unknown.

Accordingly, the court concludes that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of

discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket."  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **July 13, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, on this the 29th day of June, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge